UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MOHAMMED SAYEED MAHMOOD,

                                       **Plaintiff,**

    vs.                                                         1:20-CV-207
                                                                               (MAD/DJS)

**UNITED STATES OF AMERICA,**

                                       **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**MOHAMMED SAYEED MAHMOOD**
9-4-86/89, Flat #201
Khan Tower
Salarjung Colony
Hyderabad, Telangana 500 008, India
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on February 25, 2020, against the United States of America asserting the following claims: (1) personal injury; (2) assault and battery; (3) defamation; (4) general damages; (5) intentional infliction of mental distress and physical torture; and (6) wage loss. *See* Dkt. No. 1. In a Report-Recommendation and Order dated March 17, 2020, Magistrate Judge Stewart reviewed the sufficiency of the complaint and recommended that the Court dismiss this action with prejudice. *See* Dkt. No. 7. Specifically, Magistrate Judge Stewart found that Plaintiff's claims, which are brought against the United States of America, are subject to dismissal on the grounds of sovereign immunity. *See id.* at 4-6. Neither party has objected to Magistrate Judge Stewart's Report-Recommendation and Order.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's complaint should be dismissed with prejudice. "Well-established principles of sovereign immunity bar suit against the United States unless it consents to be sued, the existence

of such consent being a prerequisite for jurisdiction." *Pietrangelo v. U.S. Dist. Court Vermont*, 223 Fed. Appx. 20, 21 (2d Cir. 2007) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999).

As Magistrate Judge Stewart correctly determined, Plaintiff makes no contention that any waiver of immunity applies to the allegations set forth in his complaint. Moreover, although the Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity from suit for tort claims against the United States, it has strict exhaustion requirements and the burden is on the plaintiff to both plead and prove compliance with the FTCA's statutory exhaustion requirements. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). Plaintiff's complaint neither mentions the FTCA nor alleges compliance with its exhaustion requirements. *See Pope v. Geo Grp.*, No. 18-CV-6900, 2019 WL 79426, *3 (E.D.N.Y. Jan. 2, 2019) ("Accordingly, even if a *pro se* 'plaintiff's complaint can be liberally construed to state a claim under the FTCA ... the court does not have subject matter jurisdiction over' the FTCA claim if [the] 'plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action'") (quoting *Diaz v. MDC Detention Ctr.*, No. 17-CV-3768, 2018 WL 472810, *2 (E.D.N.Y. Jan. 17, 2018)). As such, the Court dismisses Plaintiff's complaint.[1]

Accordingly, the Court hereby

---

[1] Since Plaintiff's complaint can be liberally construed as attempting to bring a claim under the FTCA and because it is unclear from the complaint whether Plaintiff may still timely exhaust his administrative remedies, the dismissal will be without prejudice. *See Green v. Fed. Bureau of Prisons*, No. 11 Civ. 2554, 2012 WL 1694632, *3 (S.D.N.Y. May 15, 2012) (holding that if a court dismisses a complaint "for failure to exhaust administrative remedies, dismissal without prejudice is appropriate if the time permitted for pursuant administrative remedies has not expired") (citing *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004)).

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 9, 2020
Albany, New York

Mae A. D'Agostino
U.S. District Judge